http://www.va.gov/vetapp16/Files3/1626395.txt

Citation Nr: 1626395 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 13-31 634 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to a service-connected disability (TDIU), prior to February 12, 2014.

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel

INTRODUCTION

The Veteran had served on active duty from June 1969 to July 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Newington, Connecticut, which denied the benefit sought on appeal. Jurisdiction for this matter has been transferred to the RO in Pittsburgh, Pennsylvania. In March 2013, the Veteran filed a notice of disagreement (NOD). The RO issued a Statement of the Case (SOC) in October 2013, and the Veteran filed a Substantive Appeal (via a Form 9, Appeal to the Board of Veteran's Appeals) in November 2013. 

In February 2014, the Veteran testified at a video conference hearing before the undersigned Veterans Law Judge in Pittsburg, Pennsylvania. The transcript of this hearing is part of the record.

In July 2015, the Board, in pertinent part, granted the Veteran a TDIU, effective February 12, 2014, and denied a TDIU prior to that date. The Veteran appealed the Board's denial to the United States Court of Appeals for Veterans Claims (Court). In an April 2016 Order, the Court granted the parties' Joint Motion for Remand (JMR). The JMR vacated the July 2015 Board decision only with respect to the denial of a TDIU prior to February 12, 2014, and remanded the claim to the Board for compliance with the directives specified by the Joint Motion. The issue has now been returned to the Board.

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Board notes that the Veteran filed a claim for entitlement to service connection for posttraumatic stress disorder (PTSD) in a March 2016 statement. This claim has not yet been adjudicated by the AOJ. In April 2011, the Social Security Administration (SSA) found that the Veteran was disabled since March 21, 2007, due, in part, to his service-connected heart disorder and his non-service-connected PTSD. As the Veteran does not currently meet the requirements for a schedular TDIU prior to February 12, 2014, the adjudication of the PTSD claim must be completed prior to the adjudication of the Veteran's TDIU claim. This is because adjudication of the service connection claim may affect adjudication of the TDIU claim. See Tyrues v. Shinseki, 23 Vet. App. 166, 177 (2009) (en banc) (explaining that claims are inextricably intertwined where the adjudication of one claim could have a significant impact on the adjudication of another claim).

Additionally, in a May 2012 Application for Increased Compensation Based on Unemployability (VA Form 21-8940), the Veteran stated that he had been unemployed since April 2007 due to, in pertinent part, his service-connected coronary artery disease. The Veteran is currently in receipt of a TDIU since February 12, 2014, the date he met the schedular requirements for a TDIU under 38 C.F.R. § 4.16(a) (2015). When, as in this case, the Veteran does not meet the percentage standards set forth in 38 C.F.R. § 4.16(a), he may seek section 4.16 (b)-TDIU consideration. 38 C.F.R. § 4.16(b) (2015).

Upon review, the medical evidence of record appears to support the Veteran's contention. As pointed out by the parties in their April 2016 JMR, the April 2011 SSA decision found that there were no existing jobs in significant numbers that the Veteran could perform, and thus, the Veteran was determined to be disabled. The May 2011 VA examination also found that the Veteran would be at risk of further cardiac events if he continued the laborious work in construction or mining and found that sedentary would be an option. In his May 2012 VA Form 21-8940, the Veteran stated that he had a high school education and prior work experience as a self-employed construction laborer and coal miner.

Thus, the evidence of this Veteran's unemployability is discussed above, and, based on this evidence, there is, at least, a plausible basis in the record to conclude that the Veteran is eligible for section 4.16(b)-TDIU consideration prior to February 12, 2014. See, e.g., Bowling v. Principi, 15 Vet. App. 1, 9-10 (2001); 38 C.F.R. § 4.16(b). Hence, this case may be submitted to the VA Director of the Compensation and Pension Service for extra-schedular consideration under section 4.16 (b). Bowling v. Principi, 15 Vet. App. at 10.

Accordingly, the case is REMANDED for the following actions:

1. Adjudicate the claim of entitlement to service connection for PTSD as raised in the Veteran's March 2016 statement.

2. If, after completing the above action, the Veteran does not meet the requirements for a schedular TDIU prior to February 12, 2014, then refer to the VA Director of the Compensation and Pension Service the matter of extra-schedular consideration for a TDIU rating under 38 C.F.R. § 4.16(b) prior to February 12, 2014. If this determination is adverse to the Veteran, issue to the Veteran and his representative a Supplemental SOC (SSOC), and afford them the appropriate period of time within which to respond thereto. The case should be returned to the Board for further appellate review, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

(CONTINUED ON NEXT PAGE)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
DEBORAH W. SINGLETON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).